**UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

AMENDED

## CIVIL RIGHTS COMPLAINT FORM
### TO BE USED BY PRISONERS IN ACTIONS UNDER 28 U.S.C. § 1331 or § 1346

DeAngelo D. Winston                    ,

Inmate # 35437-044                    .
  (Enter full name of Plaintiff)

FILED

2012 APR 16 AM 11:51

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA, FLORIDA

vs.

CASE NO: 5:11-cv-644-0C-35TBS
  (To be assigned by Clerk)

Captain L. Williams,                    ,
Warden D. Drew,                    ,
Ms. Ware, Corr. Officer,                    ,
MR. Ortiz, Unit Manager                    ,
MR. Sadono, Unit Counselor                    .

(Enter name and title of each Defendant.
If additional space is required, use the
blank area below and directly to the right.)

MR. Montalvo, Health Administrator
MR. Cox, Case Manager,
Officer Gilbert, Corr. Officer,
Officer West, Mail Room officer
Officer Boman, Mail Room officer
Lieutenant Rogers, SHU Lt.
DR. G. Whitlock - Chief Psychologist
MR. Siegal, Corrections officer
Stanley, Steven EMT "Nurse"
Associate Warden Cheetam
MR. Ray Holt, Regional Director
MR. Thomas Kane - F.B.O.P. Director

### ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:

MR. Eric Holder - Attorney General
DR. O'Bryant (Psychologist)
Ms. Wendy White (DHO)
MR. Speerly - Corrections officers
Ms. Chambers - Corrections Officer
MR. D. Smith - Corrections officer

MR. J. Maziarski - Corrections officer
DR. Erika Woolf - Psychologist
DR. Duenes - Psychologist
MR. Bowles - Corrections officer
MR. Chipi - Physicians assistant

I.    **PLAINTIFF:**

State your <u>full name</u>, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff:   DeAngelo D. Winston
Inmate Number       35437-044
Prison or Jail:      Coleman USP-2
Mailing address:    P. O. Box 1034
                    Coleman, Fl 33521

II.   **DEFENDANT(S):**

State the <u>name</u> of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address.  Do the same for **every** Defendant:

(1)   Defendant's name:    D. Drew
      Official position:   Warden
      Employed at:        Coleman USP-2
      Mailing address:    P. O. Box 1034
                          Coleman, Fl 33521

(2)   Defendant's name:    Mr. Williams
      Official position:   Captain
      Employed at:        Coleman USP-2
      Mailing address:    P. O. Box 1034
                          Coleman, FLORIDA 33521

(3)   Defendant's name:    Ms. Ware
      Official position:   Correctional Officer
      Employed at:        Coleman USP-2
      Mailing address:    P.O. Box 1034
                          Coleman, Fl 33521

**ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**

2(a)

(4) Mr. Ortiz
Unit Manager, G-Unit,
Coleman USP-2
P. O. Box 1034
Coleman, Fl 33521

(5) Mr. Sadono
Unit Counselor, G-Unit
Coleman USP-2
P.O. Box 1034
Coleman, Fl. 33521

(6) Mr. Cox
Case Manager, G-Unit
Coleman USP-2
P. O. Box 1034
Coleman, Fl. 33521

(7) Officer Gilbert
Correctional Officer
Coleman USP-2
P.O. Box 1034
Coleman, FL 33521

(8) Officer West
Mailroom Officer
Coleman USP-2
P. O. Box 1034
Coleman, Fl 33521

(9) Officer Roman
Mailroom Officer
Coleman USP-2
P.O. Box 1034
Coleman, Fl 33521

(10) Lieutenant Rogers
Lieutenant (SHU)
Coleman USP-2
P. O. Box 1034
Coleman, Fl 33521

(11) DR. Montalvo
Heath administrator
Coleman USP-2
P.O. Box 1034
Coleman, Fl 33521.

2 (B)

# CONTINUED PAGE
## DEFENDANTS

(12) MR. Eric Holder (Attorney General
United States Attorney General
US Attorney General Office
9TH and 10th Streets
Washington, DC. 20530

(13) OFFICER J. Maziarski
Correctional Officer
Coleman-USP-2
P.O. Box # 1034
Coleman, FL 33521

(14) OFFICER O. Smith
Correctional Officer
Coleman - USP-2
P.O. Box # 1034
Coleman, FL 33521

(15) Officer MS Chambers
Correctional Officer
Coleman-USP-2
P.O. Box # 1034
Coleman, FL 33521

(16) Officer Speerly
Correctional Officer
Coleman-USP-2
P.O. Box # 1034
Coleman, FL 33521

(17) Officer Bowles
Correctional Officer
Coleman USP-2
P.O. Box # 1034
Coleman, FL 33521

(18) DR. ERIKA Wolf (Psychology)
Psychologist
Coleman USP-2
P.O. Box # 1034
Coleman, FL 33521

(19) DR. Duenes (Psychology)
Psychologist
Coleman - USP-2
P.O. Box # 1034
Coleman, FL 33521

(20) DR. O'bryant (Psychology)
Psychologist
Coleman -USP-2
P.O. Box # 1034
Coleman, FL 33521

(21) Ms Wendy White (Psychology)
Disciplinary Hearing Officer
Coleman - USP-2
P.O. Box # 1034
Coleman, FL 33521

2-(c)

## Continued Defendants

(22) DR. G. Whitlock
Chief Psychologist
Coleman USP-2
P.O. Box 1034
Coleman, Fl 33521

(23) OFFICER Siegal, Corrections Officer
Correctional Officer
Coleman, USP-2
P.O. Box # 1034
Coleman, FL. 33521

(24) Stanley, Steven EMT "nurse"
EMT - nurse - P.A.
Coleman, USP #2
P.O. Box # 1034
Coleman, FL 33521

(25) associate Warden Cheetam
associate Warden
Coleman - USP-2
P.O. Box # 1034
Coleman, FL 33521

(26) Ray Holt
Regional Director Southeast
3800 Camp Creek Parkway S.W.
Building 2000
atlanta, GA 30331

(27) Director Thomas R. Kane
Bureau of Prisons Director
Federal Bureau of Prisons
320 FIRST St., NW
Washington, DC 20534

MR. Chipi - P.A. Chipi
Physicians assistant
Coleman, USP #2
P.O. Box # 1034
Coleman, Fl 33521

2-(D)

NOTE: THE COURT WILL NOT REVIEW THE COMPLAINT UNLESS THE
FOLLOWING QUESTIONS HAVE BEEN ANSWERED <u>IN FULL</u>.

**III.    EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Pursuant to 42 U.S.C. § 1997e(a), exhaustion of administrative remedies is required prior to
initiating a civil rights action which alleges unlawful conditions or events in any prison, jail, or
detention center.  Copies of all grievances, appeals, and responses must be submitted to verify
exhaustion.  Failure to demonstrate exhaustion may be grounds for dismissal.

**A.    DOES YOUR COMPLAINT CONCERN EVENTS OCCURRING WITHIN THE
FEDERAL BUREAU OF PRISONS?**

Yes(✓)                          No(  )

[If your answer is NO, proceed to Question B.  If your answer is YES, answer all
of the following questions in this subsection.]

**1.    Informal Grievance**

a.    Did you submit an informal grievance?

Yes(✓)                          No(✓)

❖ If so, you must attach a copy of the grievance and response; exhibit _____.

b.    If not, why? <u>I tried but staff refused to allow exhaustion.</u>

**2.    Formal Grievance**

a.    Did you submit a formal grievance?

Yes(✓)                          No(✓)

❖ If so, you must attach a copy of the grievance and response; exhibit _____.

b.    If not, why? <u>Staff refuse to respond thereto.</u>

**3.    Appeal to the Regional Director of the Bureau of Prisons**

a.    Did you submit an appeal to the Regional Director?

Yes(✓)                          No(✓)

❖ If so, you must attach a copy of the appeal and response; exhibit _____.

b.    If not, why? <u>Staff refuse to respond thereto.</u>

**4.    Appeal to the General Counsel of the Bureau of Prisons**

3

a.    Did you submit an appeal to the General Counsel of the Bureau of Prisons?

Yes(✓)                No(✓)

❖ If so, you must attach a copy of the appeal and response; exhibit _____.

b.    If not, why? <u>Staff refuse to respond thereto.</u>

**5.    Disciplinary Actions**

a.    Did you have a disciplinary hearing concerning this matter?

Yes(✓)                No(  )

❖ If so, you must attach a copy of the disciplinary report and disciplinary hearing team's findings and decision to this form; exhibit <u>J</u>   .

b.    Did you lose good time as a result of the disciplinary hearing?

Yes(✓)                No(  )

c.    Has the good time since been restored?

Yes(  )                No(✓)

**B.    DOES YOUR COMPLAINT CONCERN EVENTS OCCURRING WITHIN A COUNTY JAIL OR DETENTION CENTER?**

Yes(  )                No(✓)

[If your answer is NO, proceed to Section IV of the complaint form.
If your answer is YES, answer the following questions.]

1.    Is there a grievance procedure at your institution or jail?

Yes(  )                No(  )

[If your answer is NO, proceed to Section IV of the complaint form.  If your answer is YES, answer all of the following questions in this subsection.]

2.    Did you submit a grievance concerning the facts relating to your complaint?

Yes(  )                No(  )

3.    If your answer to the above question is YES:

4

a. What steps did you take? _____

b. What were the results? _____

❖ If so, you must attach a copy of the grievance and response; exhibit _____.

4.     If your answer is NO, explain why not: _____

_____

✱ ● ● ✱ ● ● ● ● ● ● ● ● ● ●

NOTE:  FAILURE TO DISCLOSE ALL PRIOR CIVIL CASES
MAY RESULT IN THE DISMISSAL OF THIS CASE.

## IV.     PREVIOUS LAWSUITS

A.     Have you initiated other actions in **state court** dealing with the same or similar
facts/issues involved in this action?

Yes(   )                          No( ✓ )

1. Type of action (civil rights, habeas corpus, etc.): _____
2. Parties to previous action:
   a.   Plaintiff(s): _____
   b.   Defendant(s): _____
3. County and judicial circuit: _____
4. Case docket #: _____
5. Approximate filing date: _____
6. If not still pending, date of dismissal: _____
7. Basis of dismissal: _____
8. Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list state court cases.)**

5

B.   Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

Yes(  )                    No(✓)

1. Type of action (civil rights, habeas corpus, etc.): _____
2. Parties to previous action:
   a.   Plaintiff(s): _____
   b.   Defendant(s): _____
3. District and judicial division: _____
4. Case docket #: _____   5.  Approximate filing date: _____
6. If not still pending, date of dismissal: _____
7. Basis of dismissal: _____
8. Facts and claims of case: _____
_____

**(Attach additional pages as necessary to list other federal court cases.)**

C.   Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes(  )                    No(✓)

If YES, describe each action in the space provided below.  If more than one, describe all additional cases on a separate piece of paper, using the same format as below.

1. Type of action (civil rights, habeas corpus, etc.): _____
2. Parties to previous action:
   a.   Plaintiff(s): _____
   b.   Defendant(s): _____
3. District and judicial division: _____
4. Case docket #: _____   5.  Approximate filing date: _____
6. If not still pending, date of dismissal: _____
7. Reason for dismissal: _____
8. Facts and claims of case: _____
_____

**(Attach additional pages as necessary to list cases.)**

6

D.   Have you ever had, either while you were incarcerated or while you were not incarcerated, any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service?  If so, identify each and every case so dismissed:

Yes(  )                    No( ✓ )

1. Type of action (civil rights, habeas corpus, etc.): _____
2. Parties to previous action:
   a.   Plaintiff(s): _____
   b.   Defendant(s): _____
3. District and judicial division: _____
4. Name of judge: _____  Case Docket # _____
5. Approximate filing date: _____  Dismissal date: _____
6. Reason for dismissal: _____

**(Attach additional pages as necessary to list cases.)**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

- Continue to next page -

7

**V.     STATEMENT OF FACTS:**

State briefly the FACTS of this case.  Describe how each Defendant was involved and what each person did or did not do which gives rise to your claim.  In describing what happened, state the names of persons involved, dates, and places.  Do not make any legal arguments or cite to any cases or statutes.  You must set forth separate factual allegations in separately numbered paragraphs.  You may make copies of this page if necessary to supply all the facts.  Barring extraordinary circumstances, no more than five (5) additional pages should be attached.  (If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)

I.  I am currently incarcerated at the Coleman U.S. Penitentiary 2 serving a 51 month sentence for violation of Title 18 U.S.C. § 922 (a). Defendant D. Drew is my chief custodian at Coleman-2. Since my incarceration began at Coleman 2, I have been the subject of countless acts of abuse of authority, retaliation, threats, which in some cases has amounted to reckless endangerment. Some of these incidents, as brought to the direct attention of Defendants D. Drew and Captain Williams (Chief of Security) are hereby presented, as follows:

On or about August 1, 2011 Defendant Ms Ware, a Correctional Officer (C.O.) began a malicious verbal and physical assault of my person and personal property, by constantly making threats toward me, that she was "out to get me." Following her clear and direct threats against me, I promptly filed an Administrative Remedy Grievance Informal Resolution Complaint or (BP-8½) against Ware, regarding her threats, including the fact that Ware had begun harassing me with repeated searches and shake-downs of my housing quarters (cell), and calling me an Informant (snitch) in the presence of other inmates, in a deliberate and obvious attempt to have me assaulted by inmates. (Snitches are regularly assaulted by other inmates.)

A day or two after my BP-8½ was filed with my Unit Counselor Sadona, I was written a fabricated Incident Report by Defendant Ware in retaliation for my filing the BP-8½ complaint against her. Since that time I have been totally unable to obtain an Informal Response to my

8 (a)

BP-8½ from my Unit Counselor Sadono. When I complain directly to Sadono's immediate supervisor Defendant Ortiz, my Unit Manager, Ortiz simply disregards my verbal complains that Defendant Sadono refuses to respond to my BP8½.

As a direct result of these stated abuses I wrote Ms. Kathy Castor, Congresswoman for the 11th District of Florida, seeking outside investigation of the stated abuses of authority. See, Plaintiff's Exhibit (A), in the Addendum. Included therein, I also submitted a copy of a formal Request For Administrative Remedy (BP-9) to the Warden Drew which I had also just filed, after not receiving any response from my submitted BP-8½ stated.

Shortly after filing the latter-stated complaints, I was issued a fabricated Incident Report by staff and immediately placed into the institution's Segregation Housing Unit (SHU), found guilty of a Code 299 violation, and subsequently released from SHU after 30 days, on October 3rd, 2011.

However, while in SHU, I was subjected to repeated acts of sexual harassment by Defendant Gilbert who did make various sexual propositions and homosexual comments on each occasion in which he visited my cell in SHU, to which I filed a formal complaint directly with the Southeast Regional Office. See, Plaintiff's Exhibit (B), in the Addendum.

8 (b)

Just one day after my release from SHU, on October 4th, 2011, I was again forcably placed in SHU, without incident. pending a "Captain's Review" per Order of Defendant Captain Williams. in direct retaliation for the complaints I had recently filed against Defendants Ware and Gilbert fore-stated. SEE, Plaintiffs Exhibits (E) in the Addendum.

While in SHU on this occasion, I have vigorously sought formal explanation why I have been placed into SHU without any infraction or violation of policy. My Unit team Defendants Ortiz, Sadova, and Cox seldom come to the SHU to dicuss my case or situation. When they do showup they never have valuable or reliable information, and never explain why my numerous BP 8½ complaints have not been responded to, or the reasons for my detention in SHU, or why with just 11 months remaining on my sentence, I have not been put in for manditory community release programs.

On or about October 11, 2011, I wrote letters to the Director of Prisons, in Washington, D.C., and the Regional Director in Atlanta, GA., detailing the essence of my current situation and praying for their intervention to no Avial. See, Plaintiff's Exhibits (C) and (D), in the Addendum.

8 (c)

## V.   STATEMENT OF FACTS:

State briefly the FACTS of this case.  Describe how <u>each</u> Defendant was involved and what each person did or did not do which gives rise to your claim.  In describing what happened, state the names of persons involved, dates, and places.  <u>Do not make any legal arguments or cite to any cases or statutes.</u>  You must set forth separate factual allegations in separately numbered paragraphs.  You may make copies of this page if necessary to supply all the facts.  Barring extraordinary circumstances, no more than five (5) additional pages should be attached.  (If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)

Defendants Warden Drew and Captain Williams seldom visit me in the (SHU) unit athough policy requires them to do so. However on or about October 27,TH 2011, Both Defendants Drew and Williams visited me in the SHU. At my assigned cell F-109 at which time the Captain Williams specifically informed me that (sic)"I locked you back down because my conscience told me to". SEE EXIBIT (E) in Plaintiffs Addendum. As for how long I would how remain it the SHU, at that time neither defendant had an definite response. (It has since been determined by Defendants D. Drew (Warden) L. Williams (Captain), Ass. Warden Cheetam, and Unit Manager Ortiz, that I will remain in the SHU "until my release date".)

While speaking to both Drew and Williams, I did specifically inform them that (A) the SHU staff refuses to allow me access to the law library, (B) my unit team staff refuses to visit me in the SHU, do rounds mandated by Bureau Policy, or process my grievances, as well as provide forms and or documents, (C) that mail room officers Roman, West, and Peniero are deliberately with-holding, delaying, destroying, and at times losing my legal and personal mail to and from family, friends, and Political Parties. (d) that SHU staff as well as mail-room staff refuse to allow me to "SEAL my Legal Correspondences" as "Special Mail" to my attorneys & other "Political Officials" when depositing them for mailing. SEE Exibits:"(F) Also see Plaintiffs Correspondences to PostMaster General office w/response EXIBIT (G)

8(d)

## V.   STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how each Defendant was involved and what each person did or did not do which gives rise to your claim.  In describing what happened, state the names of persons involved, dates, and places. Do not make any legal arguments or cite to any cases or statutes. You must set forth separate factual allegations in separately numbered paragraphs.  You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached.  (If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)

(E) that DR. Montalvo, P.A. Chipi, as well as Primary Care physician DR. Carver of the United States Penitentiary Coleman II medical staff refuses to promptly and properly treat me for painful and irritating skin infections. (F) that with only 11 months remaining on my prison sentence, my unit team has consistently refused to submit "RRC" - Community Release placement package for Residential Release Center approval as required by Bureau of Prisons Policy. After documenting my complaints, and particularly being denied the right to administrative remedy procedures, both Drew and Williams assured me they "would look into my claims and investigate these complaints." However to this present date my situations have become more adverse through staff retaliations, issuance of fabricated violation Reports by staff, and threats by staff to my personal safety and bodily harm. SEE EXIBITS.

(G) On or about 11-29-2011 I was encouraged by staff members Officer Speerly and Officer Bowles to "Cut Myself Deeper" and "To kill Myself" after slicing open my left wrist with 3-4 lacerations. These officers failed to provide medical attention to me at times of distress and suicide idealation and remissions of psychosis. Further Officer Speerly and Bowles did not attempt to

8 (E)

## V.    STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how <u>each</u> Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. <u>Do not make any legal arguments or cite to any cases or statutes.</u> You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. **(If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)**

prevent serious suicide attempt. At no point in a 2 1/2 hour period did these officers even attempt to retrieve the Razor Blade which I was cutting myself with. This is a clear violation of "Deliberate Indifference" under the 8TH Ammendment standards. I later recieved an Incident Report for a Rule 228 Tatooing or Self Mutilation on 12-07-2011. at which time Dr. O'bryant, Dr. Duenes, and Dr. Erika Woolf falsified documents with a fabricated statement which I never made. SEE EXIBITS: (I) and (J) and (K) (H) on the 23RD day of February 2012 I became visibly upset with clear signs of remissed psychosis as I requested numerous time to officer D. Smith and officers J. Maziarski, and officer Ms. Chambers to be seen by psychology staff. My requests were laughed upon and ignored by these staff members although I had brandished a Razor blade and cut my wrist 2-3 laterations deeply and began bleeding and covered my entire cell door window with blood. I was denied medical attention for (2) entire days by USP-2 Coleman staff, as well as nurse Stanley Stevens who viewed the blood all over my cell and my body along with others staff. This constitutes "Deliberate Indifference" under the 8TH Ammendment standards as well as clear.

8 (F)

## V.    STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how <u>each</u> Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. <u>Do not make any legal arguments or cite to any cases or statutes.</u> You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. **(If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)**

Violations of Bureau of Prisons Policy, as well as "Basic Human Need" -(Medical Attention). I was assessed and bandaged on 2-25-2012 by nurse Coleman. Also interviewed by "Special Investigations" on 2-28-2012. Since then Officers Smith has increased his retaliations towards me through falsely submitting fabricated Incident Reports, Theft of my legal documents, and recruiting his co-workers to assist in harrassment towards me personally... SEE: PlAINTIFFS EXTBITS (L)

(I) Although myself and my family have reached out to many Bureau officials, provided evidence in detail of staff retaliation, harrassment, unjust punishment, fabrication of documents, Illegal activities of Bureau Employees here at USP-2-Coleman. No effort has been made to intervene, protect, investigate, or Remedify such situations and Misconduct. SEE PlAINTIFFS EXIBITS (M)

(J) Defendants Warden D. Drew, Captain Williams, Attorney General Eric Holder, Associate Warden Cheetam have been unresponsive to my suffering or complaints. The Regional an Central Directors have not responded to present date. Neither the Office of Inspector General and Internal Affairs. I remain in the SHU without probable-cause or due process of

8 (G)

## V.   STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how each Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. Do not make any legal arguments or cite to any cases or statutes. You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. (If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)

law. as well the plaintiff continues to suffer constant prejudice, retaliation, and cruel and unusual punishment by staff here at Coleman -USP-2, "Deliberate Indifference" by Psychology Staff and Officers alike all acting in concert to subject one to cruel punishment and conditions..

(H) Furthermore Bureau staff continue to act in concert with one another to further violate U.S. Constitutions to Further the goals of the Bureau of Prisons namely a "Bigger Budget" without cause or regard for Bureau goals to provide a safe environment, healthy living standards, adequate medical care, protection from cruel and unusual living conditions, iota....

Honorable Courts Mr. Winston (PLAINTIFF) has exhausted (ALL) possible courses of Remedys. as well as involved family as well as several political leaders. Yet there appears to be Great resistence within the Bureau of Prisons to "grant relief" or Properly deal with the obvious misconduct of staff here at USP-2 -Coleman Penitentiary. The constant violation of My Constitutional Rights to FAIR TREATMENT, Protection from abuse, cruel and unusual punishment, as well as pain and suffering has greatly affected me, as well as intervened in My preparation for a successful re-entry into society..

8 (H)

## VI.   STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim and relate it to the facts alleged in Section V. If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.

CLAIM I : The Defendants violated the Plaintiff's 1st Amendment rights when they maliciously subjected him to administrative segregation, denied him access to the administrative remedy grievance process; denied him access to the inmate law library, denied him attorney/client confidential correspondences, denied him unrestricted correspondences with family members, and subjected him to acts of sexual harassment, in retaliation for him utilizing the administrative remedy grievance process. [See attached page 9 (b)]

## VII.   RELIEF REQUESTED:

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes.

WHEREFORE, the Plaintiff prays this Honorable Court Rule and Order,
1). That Plaintiff has properly stated a claim upon which relief can be granted and that Defendants are sued in their Individual capacities in damages not to exceed $3,000,000 dollars, and that Plaintiff is granted a trial by jury against the named Defendants.
See, 28 U.S.C. § 1331.                                    [See, page 9 (c), cont.]

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

4-11-2012
(Date)

De'Angelo Winston
(Signature of Plaintiff)

## IF MAILED BY PRISONER:

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one):
☒ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on:
the 11TH day of April , 20 12 .

De'Angelo Winston
(Signature of Plaintiff)

Revised 4/06

9 (a)

## CLAIM I, continued:

See, <u>Atkinson v. Taylor</u>, 316 F.3d 257, 270 (3rd Cir. 2003); <u>Gill v. Pidlypehak</u>, 389 F.3d 379, 384 (2nd Cir. 2004); <u>Hoskins v. Lenear</u>, 395 F.3d 372, 375 (7th Cir. 2005); and see <u>Morris v. Powell</u>, 449 F.3d 682, 684 (5th Cir. 2006)

## CLAIM II: Defendants have a nondiscretionary duty under Title 28 Code of Federal Regulations, to provide all inmates in a BOP segregation housing unit with uninfringed access: (a) to due process of law under § 541.22 et seq., (b) to the administrative remedy grievance process under § 542 et seq., (c) to inmate law library access under § 543.11 (j), (d) to attorney / client confidential mail under § 540-B, (e) to correspond with family members under § 541.21 (c)(10), (f) and to be free from sexual harassment by prison officials as prohibited under Program Statements §§ 3420, and 1210.22, et al., and (g) notwithstanding Title 18 U.S.C. § 3624 (c) which requires that the BOP "shall" assure all prisoners "spend a reasonable part ... of the last 10 per centum of the term to be served" in a community release program. See, <u>Gidding v. Chandler</u>, 979 F.2d 1104, 1108 (5th Cir. 1992) and see, <u>Garvey v. Vaughn</u>, 993 F.2d 776 (11th Cir. 1993) (defining Title 28 U.S.C. § 1361, and 1331.)

9 (b)

CLAIM III: Defendants violated the Plaintiffs Eighth AMENDMENT right when Doctors of USP-2-Coleman refused to provide Plaintiff community standard Medical treatment for his skin disease I Infections when doctors knew of the prisoners tremendous pain, sufferings, and Irritations. The doctor denial of proper Medical care amounted to Deliberate Indifference. to his serious Medical needs. As well to include when Psychology Doctors denied Plaintiff fair and adequate Mental Health treatment when they had Full Knowledge of Plaintiffs failing Mental Health status as it is recorded to date back 20 years or More. SEE:

Estelle v. Gamble, 429 U.S. 97 (1976); Wilson v. Seiter, 501 U.S 294 (1991); and SEE. Mc. Elliaott v. Foley, 182 F. 3d 1248, 1256 (11TH Cir. 1999), SEE Canton v. Harris et. al     #89 U.S. 378, 103 L.ED 2d 412) 109) SEE: Farmer v. Brennan et al 511, 115, 825, 128 L ED 2d 811, 114 S Ct 1970)

VII Relief REQUESTED: Continued:

2). That this Court issue a Declaratory Judgement that the named Defendants and others, must conform and adhere to the nondiscretionary regulations, policies, and federal statues as are subjected to this complaint, with imminence, in the interest of fairness and Justice SEE: Title 28 U.S.C. § 1361;

9 (C)

ADDENDUM COVER-SHEET

# ADDENDUM
Cover- Sheet

page # 1

SEP 01 2011

Plaintiff's Exhibit (A)

Ms. Kathy Castor (Congresswoman)
11 TH District, FLORIDA
4144 North Armenia Ave. , Suite 300
TAMPA, FL 33607

MR. De'Angelo D. Winston # 35437-044
Federal Correctional Complex- Coleman -USP # 2
P.O. Box # 1034
Coleman, FL 33521-1034

Date: 8-28-2011

Dear Ms. Castor,
I am currently a prisoner housed at
USP.-Coleman # 2 in Coleman, FLORIDA. I am
presently writing you to insure that my
rights as a prisoner are not totally
violated with-out your knowledge. I have
recieved information that you are the
current Congresswoman for this district of
Florida...
Inside you will find enclosed a copy
of a form BP-229 which is a form of
the grievance system for the B.O.P. to
allow prisoners to attempt to formally
resolve issues with-in B.O.P. By reading
these pages you will become aware of
my present issues, surrounding my
reasons for this missive..
Since arriving at USP.-Coleman # 2 in
early 2010 I have witnessed & endured
much abuse of authority, lawlessness, &
violations of prisoners rights. Yet as
a prisoner with minimum time

KATHY CASTOR
11TH DISTRICT, FLORIDA

COMMITTEE ON
ARMED SERVICES
SUBCOMMITTEE ON TACTICAL AIR AND LAND
SUBCOMMITTEE ON EMERGING THREATS AND
CAPABILITIES

COMMITTEE ON THE BUDGET

DEMOCRATIC STEERING AND
POLICY COMMITTEE

ASSISTANT WHIP



**Congress of the United States**
House of Representatives
Washington, DC 20515–0911

WASHINGTON OFFICE:
137 CANNON BUILDING
WASHINGTON, DC 20515
(202) 225-3376

DISTRICT OFFICE:
4144 NORTH ARMENIA AVENUE
SUITE 300
TAMPA, FL 33607
(813) 871-2817
www.castor.house.gov

September 14, 2011

Mr. D'Angelo D. Winston
#35437-044
PO Box 1034
Federal Correctional Complex Coleman Usp#2
Coleman, FL 33521-1034

Dear Mr. Winston,

This will acknowledge receipt of your correspondence of August 28, 2011 providing details of the grievance complaint to be filed with the Bureau of Prisons in Washington DC.

While I appreciate you sending this information, my please be advised that my office does not intervene in prison matters. I believe these decisions are best left in the hands of the Bureau of Prisons Central Office in Washington, DC. However, this should not discourage you from pursuing your request to that entity.

I hope this matter is resolved to your satisfaction.

Sincerely,

Kathy Castor

Kathy Castor
United States Representative
Florida, District 11

KC:ts

PRINTED ON RECYCLED PAPER

THIS IS EXHIBIT
("E")

U.S. Department of Justice
Federal Bureau of Prisons

# Administrative Detention Order

U.S.P. 2 COLEMAN
Institution

TO: SPECIAL HOUSING UNIT OFFICER

DATE: 10/4/2011

FROM: LT. SMITH                    (Name/Title)

TIME: 3:06 PM

SUBJECT: Placement of WINSTON, DEANGELO, Reg. No.: 35437-044, in Administrative Detention.

[ ] (A)  Is Pending a hearing of a violation of Bureau regulations;

[X] (B)  Is Pending investigation of a violation of Bureau regulations;

[ ] (C)  Is Pending investigation or tial for a criminal act;

[ ] (D)  Is to be admitted to Administrative Detention

   [ ] (1)  Since the inmate has requested admission for protection;

   I hearby request placement in Administrative Detention for my own protection.

   Inmate Signature/Register No.: _____

   Staff Witness Printed Name/Signature: _____

   [ ] (2)  Since a serious threat exists to individual's safety as preceived by staff, although person has not requested admission; referral of the necessary information will be forwarded to the UDC/DHO for appropraite hearing.

[ ] (E)  Is pending transfer or is in holdover status during transfer;

[ ] (F)  Is pending classification; or to complete Disciplinary Segregation time sanctioned by DHO

[ ] (G)  Is terminating confinement in Disciplinary Segregation and has been ordered into Administrative Detention by the Warden's designee.

It is this officer's decision based upon all the circumstances that the above named inmate's continued presence in the general population poses a serious threat to life, property, self, staff, other inmates, or to the security or orderly running of the institution because *

CAPT. REVIEW _____

Therefore, the above named inmate is to be placed in Administrative Detention until further notice. The inmate received a copy of this Order on   (Date/Time): _____10/04/2011  3:07 PM

Staff Witness Signature/Printed Name: _____   D. ENGESSER   Date: 10/4/2011

*In the case of DHO action, reference to that order is sufficient. In other cases the officer will make an independant review and decision, which is documented here

CC:   Inmate Concerned (not necessary if placement is a result of holdover status)
      Captain
      Unit Manager
      Operations Supervisor-Administrative Detention Unit
      Central File

DEFENDANTS
EXIBIT (J)

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: __Winston, De'Amelo D__   __85497-04H__   __G2/8HU__   __USP-2-Coleman__
     LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A - REASON FOR APPEAL** On the 9th day of January 2012 I was found guilty of a bureau statue # 228: Self Mutilation Tatooing by DHO W. White (who by the way is not a certified D.H.O. officer in accordance with Bureau Standards 28 CFR ~~228~~ : ~~228~~ # 541.16) Furthermore MR Winston was issued an incident report for said #228 for his attempted suicide on 11-29-11 while in a very depressed state of mind and hopelessness. Which is not unusual for MR. Winston as he suffers Mental illnesses dating back to his childhood and has been hospitalized several times. MR. Winston attempted to explain his situation to D.H.O. W. White as well as provide her documentary evidence that this happens with depression & is uncontrolable by him. As well MR. Winston informed DHO W. white that he has not been on his Psychotropic medications as stated in Remedy Requests # 671970-F1 & Civil Complaint 5:11-cv-644-oc-26TBS -Ocala, FLORIDA. Although documentary evidence was provided to substantiate claims. DHO white claimed that I told psychology Dr. Deenes that I was mad because of a mere cell exchange. which is in legal status as well due to falsifying I.M documents as no statement of such was ever stated by I.M (If at all True why would I.M remain on Crisis watch until 12-08-11 -(10 days) .. MR. Winston wishes to have all evidence presented on his behalf & violation and all sanctions be expunged in full: 27 Days Disallowed good time be restored to I.M.

__1-28-2012__   SEE: "Evidence".   __De'Amelo Winston 85497-044__
DATE                                 SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____
DATE                            REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE           CASE NUMBER: _____

**Part C - RECEIPT**

                                       CASE NUMBER: _____

Return to: _____
         LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

U.S. Department of Justice

**Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Winston DeAngelo D           35434-044      G2/SHU      USP-2-Coleman
        LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A - REASON FOR APPEAL** "Statement of Facts"

1) This is an appeal for violation of "procedural due process rights" in an unconstitutional DHO hearing held by Wendy White on 1-09-12.

        B. (Reasons For Relief)

2) Refusal of my request see: (herewith as exibit A dated 1-1-12) to appoint staff representative (psychologist) DR. D'Bryant requesting to submit medical records as relevant evidence to help prove why I was having the tendency to hurt self. "Violation procedural due process" because fact are supported in my medical documentation which was important to overcome the expectations of reasons so that D.H.O. officer could have relied on that he did not commit the prohibited act intentionally, see: Medical documents requested to be submitted and were not, (herewith as exibit B w/23 pages)...

3) Mr. Winstons rights to a "fair disciplinary" hearing by an Independent non-bias D.H.O. hearing officer was further violated due to the fact that Ms. Wendy White was inmate Winstens Education school teacher for the year of 

1-30-12      SEE: Attached.      DeAngelo Winston
DATE      SIGNATURE OF REQUESTER

**Part B - RESPONSE**

 

DATE      REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE      CASE NUMBER: _____

**Part C - RECEIPT**

                             CASE NUMBER: _____

Return to: _____
        LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

DATE      SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)

Continue: DHO Hearing Appeal DHO

Winston, De'Angelo D  35429-044  BGISHU  USP-2-Coleman

3. Cont: 2010 prior to my graduation with my GED in Dec. 2010. During which time Ms. W. White and I had several confrontations. In which I complained to several staff members verbally. As my education teacher Ms. W. White also issued me a frivolous Incident Report Rule# 310 "Absent from any program or work assignment", on 8-10-2010 Report # 2052230. (See: Exhibit "C"). This alone makes her a bias and prejudice D.H.O. Hearing officer with reasons and desires to punish me for personal satisfaction. (Refer to Title 28 CFR 541.16. (Hearing Officers)...

4) I further claim that my procedural due process rights were violated when reporting officer RAMIREZ was instructed to re-write my Incident report by other staffs orders to modify the report from a # 405 Self-Mutilation or Tatooing to a more serious # 228 Self-Mutiation-tion or Tatooing. Inmate Winston states he had no notice to contest the underlying allegations of misconduct and it is unconstitutional to increase the penalty for stiffer sanctions, creating technical errors that affects the ability for a fair investigation.

5) Furthermore Mr. Winston has previously recieved violation for a rule # 405 Self Mutilation. Yet has never been found guilty due to existing mental illnesses. How can the same situation be clarified as a more serious offense??

6) Mr. Winston further claims the D.H.O. hearing officer Wendy White is not a certified Disciplinary Hearing Officer and is acting without passing the DHO certified test which violates Federal Laws, 28 CFR § 541.16 section (a) and P.S. 5210.08, chapter 7, page 1, under false pretense in conducting without recieving the required specialized DHO training. and meeting requirements. That also is a clear violation of my procedural due process". Her last course was held on 10-13-2011 which shows no indication of certification...

## Requested Relief

10) I/M respectfully requests the following relief: Fair compens-ation and/or expunge this entire incident report from my central file; (6) and or return my 27 days disallowed good time, and other sanctions recommended; and or suspend all sanctions and restore 27 days good time for a period of 90 days as I/M recieves no further incident reports...

Respectfully Submitted,
De'Angelo Winston

c.c. File

U.S. Department of Justice
Case 5:11-cv-00644-MSS-PRL   Document 33   Filed 04/16/12   Page 29 of 36 PageID 162
-Federal Bureau of Prisons

Central Office Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: __Winston, De'Angelo D__ __35437-044__ __G2\SHU__ __USP-2-Coleman__
       LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.       UNIT        INSTITUTION

**Part A - REASON FOR APPEAL**   Inmate mentioned above wishes to resolve issues concerning staff misconduct. Staffs intentional Deliberate Indifference in failing to protect from self inflicted harm by allowing inmate to physically cause hurt, ~~tear~~ harm, and injury and not responding properly and professionally to said incident dated 11-29-2011 in USP-2-Coleman SHU unit... Inmate has attempted all levels of Remedy program & has been unsuccessful due to improper claims and procedures by Bureau Employees. Please respond accordingly to ILM's claims here at Central Office General Counsel level. Or consider Remedy Program Exhausted.

See: Attached 13 pages - "Evidence"

__2-22-12__                                    __De'Angelo Winston__
   DATE                                        SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____                              _____
   DATE                                        GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _____

**Part C - RECEIPT**
                                              CASE NUMBER: _____

Return to: _____
            LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.      UNIT       INSTITUTION
SUBJECT: _____

_____              ☸              _____
   DATE              PRINTED ON RECYCLED PAPER      SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN                                                                      BP-231(13)
                                                                             JUNE 2002

BP-A0288
JUN 11

**INCIDENT REPORT** CDFRM

**U.S. DEPARTMENT OF JUSTICE**                          **FEDERAL BUREAU OF PRISONS**

---

### Part I - Incident Report

| 1.<br>Institution:<br>FCC Coleman | | | |
|---|---|---|---|
| 2. Inmate's Name<br>Winston, Deangelo | 3. Register Number<br>35437-044 | 4. Date of Incident<br>11/29/2011 | 5. Time<br>6:20 p.m. |
| 6. Place of Incident<br>SHU Holding Cell | 7. Assignment<br>Unassigned | 8. Unit<br>G-2 | |
| 9. Incident<br>Tattooing or Self-Mutilation | | 10. Prohibited Act Code(s)<br>228 | |

11. Description Of Incident (Date: 11/29/2011  Time: 6:20 p.m.  Staff became aware of incident)
On November 29, 2011, at approximately 6:20 p.m. I observed inmate Winston, Deangelo Reg. No. 35437-044 walking around SHU holding cell with his left wrist bleeding. Inmate Winston was asked to submit to hand restraints which he complied. Inmate Winston was asked why was he bleeding? Inmate Winston stated I cut myself. The SHU Lieutenant was notified of inmate Winston's actions and was taken to health services and medically assessed with no further incidents to follow.

---

| 12. Typed Name/Signature of Reporting Employee<br>B. Ramirez/ | 13. Date And Time<br>12/09/2011 5:37 p.m. | |
|---|---|---|
| 14. Incident Report Delivered to Above Inmate By<br>(Type Name/Signature) | 15. Date Incident<br>Report Delivered<br>12/11/2011 | 16. Time Incident<br>Report Delivered<br>1:30 |

### Part II - Committee Action

17. Comments of Inmate to Committee Regarding Above Incident

18. A. It is the finding of the committee that you:

  _____ Committed the Prohibited Act as charged.
  _____ Did not Commit a Prohibited Act.
  _____ Committed Prohibited Act Code(s) _____

B. _____ The Committee is referring the Charge(s) to the DHO for further Hearing.

C. _____ The Committee advised the inmate of its finding and of the right to file an appeal within 20 calendar days.

19. Committee Decision is Based on Specific Evidence as Follows:

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act)

21. Date And Time Of Action _____ (The UDC Chairman's signature certifies who sat on the UDC and that the completed report accurately reflects the UDC proceedings.)

Chairman (Typed Name/Signature)      Member (Typed Name)      Member (Typed Name)

DISCIPLINE HEARING OFFICER REPORT           BP-S305.052 MAY 94
U.S. DEPARTMENT OF JUSTICE                  FEDERAL BUREAU OF PRISONS

CENTRAL FILE      INMATE COPY

| INSTITUTION | FCC COLEMAN – USP2 | INCIDENT REPORT NUMBER | | 2239528 |
|---|---|---|---|---|
| INMATE NAME | WINSTON, DEANGELO | REG NO | 35437-044 | UNIT | G-2 |

| DATE OF INCIDENT | 11-29-2011 | DATE OF INCIDENT REPORT | 11-29-2011 |
|---|---|---|---|

| OFFENSE CODE(S) | 228 |
|---|---|
| SUMMARY OF CHARGES | SELF-MUTILATION |

## I. NOTICE OF CHARGE(S)

A. ADVANCED WRITTEN NOTICE OF CHARGE (COPY OF INCIDENT REPORT) WAS GIVEN TO INMATE ON:

| DATE: | 12-11-2011 | TIME: | 1330 HRS | BY STAFF MEMBER: | LT. HAYNES |
|---|---|---|---|---|---|

| B. THE DHO HEARING WAS HELD ON | DATE: 01-09-2012 | TIME: 1445 HRS |
|---|---|---|

C. THE INMATE WAS ADVISED ON HIS/HER RIGHTS BEFORE THE DHO BY (STAFF MEMBER):

NAME:  J. REIS, COUNSELOR           DATE:  12-28-2011

AND A COPY OF THE ADVISEMENT OF RIGHTS FORM IS ATTACHED.

## II. STAFF REPRESENTATIVE

| A. INMATE WAIVED RIGHT TO STAFF REPRESENTATIVE. | YES: | | NO: | X |
|---|---|---|---|---|

| B. INMATE REQUESTED STAFF REPRESENTATIVE AND (NAME): | DR. O'BRYANT, PSYCHOLOGY | DID APPEAR |
|---|---|---|

C. REQUESTED STAFF REPRESENTATIVE DECLINED OR COULD NOT APPEAR, BUT INMATE WAS ADVISED OF OPTION TO POSTPONE HEARING TO OBTAIN ANOTHER STAFF REPRESENTATIVE WITH THE RESULT THAT:
N/A

| D. STAFF REPRESENTATIVE (NAME): | N/A | WAS APPOINTED. |
|---|---|---|

## III. PRESENTATION OF EVIDENCE

| A. INMATE ADMITS | | | DENIES THE CHARGE(S) |
|---|---|---|---|

B. SUMMARY OF INMATE STATEMENT:

"NO COMMENT."

| C. WITNESS(ES): |
|---|

| 1. THE INMATE REQUESTED WITNESS(ES): | YES | | | NO | X |
|---|---|---|---|---|---|

2. THE FOLLOWING PERSONS WERE CALLED AS WITNESSES AT THIS HEARING AND APPEARED.   (INCLUDE EACH WITNESSES NAME, TITLE, REGISTER NUMBER AND STATEMENT AS APPROPRIATE).

N/A

3. THE FOLLOWING PERSONS REQUESTED WERE NOT CALLED FOR THE REASON(S) GIVEN.

N/A

Page 1 of 3

DISCIPLINE HEARING OFFICER REPORT                                    BP-S305.052 MAY 94
U.S. DEPARTMENT OF JUSTICE                                  FEDERAL BUREAU OF PRISONS

CENTRAL FILE          INMATE COPY

| | | | | | |
|---|---|---|---|---|---|
| 4. UNAVAILABLE WITNESSES WERE REQUESTED TO SUBMIT WRITTEN STATEMENTS AND THOSE STATEMENTS RECEIVED WERE CONSIDERED. | YES | | NO | N/A | X |

D. DOCUMENTARY EVIDENCE:  IN ADDITION TO THE INCIDENT REPORT AND INVESTIGATION, THE DHO CONSIDERED THE FOLLOWING DOCUMENTS:

PHOTOGRAPHS, CLINICAL ENCOUNTER REPORT, PSYCHOLOGY MEMO

E. CONFIDENTIAL INFORMATION WAS USED BY THE DHO IN SUPPORT OF HIS/HER FINDINGS, BUT WAS NOT REVEALED TO THE INMATE.  THE CONFIDENTIAL INFORMATION WAS DOCUMENTED IN A SEPARATE REPORT.   THE CONFIDENTIAL INFORMATION HAS BEEN (CONFIDENTIAL INFORMANTS HAVE BEEN) DETERMINED TO BE RELIABLE BECAUSE:

N/A

## IV. FINDINGS OF THE DHO

| | |
|---|---|
| X | A. THE ACT(S) WAS/WERE COMMITTED AS CHARGED. |
| | B. THE FOLLOWING ACT WAS COMMITTED: |
| | C. NO PROHIBITED ACT WAS COMMITTED:  EXPUNGED ACCORDING TO THE INMATE DISCIPLINE PS. |

## V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (PHYSICAL EVIDENCE, OBSERVATIONS, WRITTEN DOCUMENTS, ETC.)

YOUR DUE PROCESS RIGHTS WERE REVIEWED WITH YOU BY THE DHO AT THE TIME OF THE HEARING.  YOU STATED YOU UNDERSTOOD YOUR RIGHTS AND HAD NO DOCUMENTARY EVIDENCE TO PRESENT.  YOU DID NOT REQUEST ANY WITNESSES.  YOU REQUESTED DR. O'BRYANT TO SERVE AS A STAFF REPRESENTATIVE TO ASSIST YOU AND SHE WAS PRESENT THROUGHOUT THE HEARING.  YOU INDICATED TO THE DHO YOU WERE READY TO PROCEED WITH THE HEARING.

THE DHO FOUND YOU COMMITTED THE PROHIBITED ACT OF SELF-MUTILATION, CODE 228.

IT SHOULD BE NOTED THAT YOU RECEIVED YOUR INCIDENT REPORT OVER THE 24 HR. TIMEFRAME.  THIS DELAY WAS DUE TO THE INCIDENT REPORT BEING RE-WRITTEN AND YOU BEING PLACED ON SUICIDE WATCH.

IT SHOULD BE NOTED THAT THE UDC WAS NOT HELD IN A TIMELY MANNER, DUE TO THE INCIDENT REPORT BEING DELIVERED TO THE UNIT TEAM LATE.  THE INCIDENT REPORT WAS REFERRED BACK TO THE REPORTING OFFICER FOR A REWRITE.  A SIGNED MEMO FROM THE WARDEN APPROVING THIS TIME EXTENSION IS ATTACHED.  THIS DELAY DID NOT HINDER YOUR ABILITY TO PRESENT A DEFENSE NOR DID IT INFRINGE ON YOUR DUE PROCESS RIGHTS.

THE DHO BASES THIS DECISION ON THE FACTS PRESENTED IN THE BODY OF THE WRITTEN REPORT.  ON NOVEMBER 29, 2011, AT APPROXIMATELY 6:20 P.M., OFFICER RAMIREZ OBSERVED YOU, INMATE WINSTON, DEANGELO, #35437-044, WALKING AROUND SHU HOLDING CELL WITH YOUR LEFT WRIST BLEEDING.  YOU WERE ASKED TO SUBMIT TO HAND RESTRAINTS TO WHICH YOU COMPLIED.  YOU WERE ASKED WHY YOU WERE BLEEDING AND YOU REPLIED, "I CUT MYSELF."  THE SHU LT. WAS NOTIFIED OF YOUR ACTIONS AND YOU WERE TAKEN TO HEALTH SERVICES AND MEDICALLY ASSESSED WITH NO FURTHER INCIDENTS TO FOLLOW.

YOU NEITHER ADMITTED NOR DENIED THE CHARGES BEFORE THE DHO AND STATED, "NO COMMENT."

YOU REQUESTED DR. O'BRYANT, STAFF PSYCHOLOGIST AS YOUR STAFF REPRESENTATIVE.  THE DHO ASKED IF THERE IS ANY MEDICAL AND/ OR PSYCHOLOGICAL REASON WHY INMATE WINSTON SHOULD NOT BE HELD ACCOUNTABLE FOR HIS ACTIONS AND SHE STATED, "NO."  SHE DIDN'T OFFER ANY ADDITIONAL COMMENTS OR CONCERNS.

ALTHOUGH YOU STATED, "NO COMMENT" DURING THIS HEARING, THIS WAS A CONTINUATION OF A PREVIOUS HEARING THAT WAS POSTPONED DUE TO YOU WANTING STAFF REPRESENTATION.  DURING THAT INITIAL HEARING, YOU DENIED THE CHARGE AND STATED, "I NEVER TOLD HIM I CUT MYSELF.  I HAVE BEEN REQUESTING TO SEE PSYCHOLOGY AND HAVE BEEN REQUESTING TO BE PLACED BACK ON MY MEDICATIONS.  DR. DUENAS CAME TO SEE ME ABOUT A WEEK AGO, BUT I'M NOT TRYING TO SEE HIM.  I'M TRYING TO SEE DR. WHITLOCK."  BY THE END OF THAT HEARING, YOU CHANGED YOUR STORY STATING, "I DON'T RECALL IF I CUT MYSELF."

DISCIPLINE HEARING OFFICER REPORT                         BP-S305.052 MAY 94
U.S. DEPARTMENT OF JUSTICE                         FEDERAL BUREAU OF PRISONS

CENTRAL FILE          INMATE COPY

THE DHO CONSIDERED THE FACT THAT YOU EXERCISED YOUR RIGHT TO REMAIN SILENT BEFORE THE DHO.  YOU
WERE ADVISED THAT YOUR SILENCE COULD BE USED TO DRAW AN ADVERSE INFERENCE AGAINST YOU AND I AM
EXERCISING THAT OPTION IN THIS CASE.  AS YOU DID NOT PRESENT ANY EVIDENCE TO REFUTE THE REPORTING
OFFICER'S WRITTEN ACCOUNT OF THE INCIDENT, I FIND THAT THE GREATER WEIGHT OF THE EVIDENCE SUPPORTS
THE FINDING THAT YOU COMMITTED THE PROHIBITED ACT.  FURTHERMORE, I RECEIVED DOCUMENTATION FROM DR.
WOOLF, STAFF PSYCHOLOGIST, THAT YOU WERE PLACED ON SUICIDE WATCH ON NOVEMBER 29, 2011 FOR ENGAGING
IN PARA-SUICIDAL GESTURES FOR SECONDARY GAINS.  HER DOCUMENTATION STATES THAT UPON INITIAL
ASSESSMENT, YOU REFUSED TO SPEAK TO THE ASSESSING PSYCHOLOGIST.  HOWEVER, THE FOLLOWING DAY,
DECEMBER 1, 2011, YOU SPOKE TO DR. DUENAS AND TOLD HIM THAT YOU ENGAGED IN CUTTING BEHAVIOR
"BECAUSE THE LIEUTENANT TOOK MY CELL."  THE PSYCHOLOGY DEPARTMENT HAD NO EVIDENCE OR REPORT OF
MENTAL ILLNESS AT THAT TIME.  ADDITIONALLY, YOU HAD PREVIOUSLY BEEN SEEN BY PSYCHOLOGY SERVICES ON
NOVEMBER 16, 2011 AND REPORTED, "DOING FINE."

BASED ON THE STAFF EYEWITNESS ACCOUNT OF THE INCIDENT, PSYCHOLOGY MEMO, PHOTOGRAPHS, CLINICAL
ENCOUNTER REPORT, AND THE WRITTEN REPORT, THE DHO FINDS THAT YOU COMMITTED THE PROHIBITED ACT OF
SELF-MUTILATION, CODE 228, AND SANCTIONED YOU ACCORDINGLY.

### VI. SANCTION OR ACTION TAKEN

27 DAYS DISALLOWED GOOD CONDUCT TIME
90 DAYS LOSS OF COMMISSARY PRIVILEGES     RESTORE: 04-07-2012

### VII. REASON FOR SANCTION OR ACTION TAKEN

THE ACTION/BEHAVIOR ON THE PART OF ANY INMATE TO BECOME INVOLVED IN TATTOOING AND/OR SELF
MUTILATION POSES A SERIOUS THREAT, NOT ONLY TO THE SAFETY, HEALTH AND WELFARE OF THEMSELVES, BUT
ALL OTHER INMATES AND STAFF ALIKE.  THIS TYPE OF BEHAVIOR POSES THE THREAT OF SPREADING DISEASES AS
WELL AS HURTING ONESELF.  THE TYPE OF BEHAVIOR WILL NOT BE TOLERATED.

THE DHO DISALLOWED GOOD TIME FOR THIS ACT IN ORDER TO MEET THIS INMATES SENTENCE REQUIREMENTS,
(PLRA).  THE DHO IMPOSED THE SANCTION OF LOSS OF COMMISSARY PRIVILEGES AS PUNISHMENT FOR COMMITTING
THE PROHIBITED ACT AND TO MAKE YOU ACCOUNTABLE FOR YOUR ACTIONS.

### VIII. APPEAL RIGHTS:  THE INMATE HAS BEEN ADVISED OF THE FINDINGS, SPECIFIC EVIDENCE RELIED ON,
ACTION AND REASONS FOR THE ACTION.  THE INMATE HAS BEEN ADVISED OF HIS/HER RIGHT TO APPEAL THIS
ACTION WITHIN 20 CALENDAR DAYS UNDER THE ADMINISTRATIVE REMEDY PROCEDURE.  A COPY OF THIS REPORT
HAS BEEN GIVEN TO THE INMATE.

| THE DISTRIBUTION OF THIS DHO PACKET TO THIS INMATE WAS DELAYED PAST THE TEN WORKING DAYS DUE TO UNFORESEEN REASONS (SCHEDULED LEAVE, REGULAR DUTIES, ETC.).  DELAY IN THE DISTRIBUTION OF THIS PACKET DID NOT HINDER THIS INMATES APPEAL RIGHT, AND HE WAS INFORMED OF HIS RIGHT TO APPEAL WITHIN TWENTY CALENDAR DAYS OF HIM RECEIVING HIS WRITTEN DHO REPORT. | YES | X | | NO | |

### IX. DISCIPLINE HEARING OFFICER

| PRINTED NAME | SIGNATURE | DATE |
|---|---|---|
| W. WHITE, DHO | W. White | 01-20-2012 |
| DELIVERED TO INMATE W. White | DATE: 1/24/12 | |

SEE PIRINTIFFS
EXIBIT (M)

Date: March 14, 2012

Corrections Program Branch
Federal Bureau of Prisons
320 First Street NW
Room 500
Washington DC, 20534

To Whom It May Concern

My name is Mildred Wheelington, and I am contacting this office because I have been attempting to speak with the staff at Coleman II (Mr. Cox, Mr. Sadano, the Chaplin or anyone in administration) in every attempt by phone call or email, I receive much resistance and attitude.

I have attempted to Inquiry about transfer issues, halfway house issues, death in the family issues and with every phone call or attempt to speak to someone there is little to no response in a reasonable time. Just recently I called on March 3, 2012, around 12:30pm Florida time to inform the facility that DeAngelo Winston #35437044, father had been placed in ICU at Barnes Hospital here in St. Louis Missouri, at 2:30pm I called back again to follow up because I had not received a call I was advise the Chaplin was gone for the day. On March 4th I called the facility again and was told that there was not one I could speak to at the time and I needed to call back on Monday. On March 8th at 11:30am St. Louis time the Chaplin called me with and attitude and stated that the death of inmate Winston's cousin was a non-concern to him and he would forward the information about the father to his unit time and hung up.(Not inquiring of the hospital nor the number or room number or his father's name.

On Friday March 9th I was advised to email the administrative email with the information and failing health of inmate Winston's father, and I finally got through to Mr. Cox around 2:30pm advised him that Mr. Winston's father had a month to two weeks to live per the doctors. It was not until on March 13th, 2012 after contacting the Central Office Inmate Program Department for the second time did they allow Mr. Winston to contact his family and by that time his father had been moved to another facility.

Mr. Winston has 9 months left on his time to served, and for the last 6 months he has been housed in the SHU per a captain's review. I have called several times to inquiry of the situation and I am told by Mr. Cox is unit manager that he has no idea why Mr. Winston is in the Shu all he knows is it is pending investigation. In an attempt to get more information I contacted the administration by email and was only told that he was in violations of institutional rule... When ask what institutional rule I received no further email respond.

I am very concerned about DeAngelo's well-being and safety I have stressed that to staff every time I am able to get through and to no avail has anyone attempted to assure me that Mr. Winston is in good care. With his father on his death bed and Coleman has not attempted to submit any paper work for his halfway house time I am fearful of the state of mind Mr. Winston may resort to in the passing of his father and he not be able to attend the funeral.

Enclosed are all emails and letter I have sent to the facility in an attempt to speak with some and I have gotten no cooperation or help. If you have any thoughts questions or concerns or if someone would please take the time to speak to me about what is going on I would greatly appreciate it.

I can be reached at 314-662-7681 at any time of the day thank you for your time consideration and attention to this matter

Sincerely


Mildred Wheelington
Cc: DeAngelo Winston
    File

2830 Melody Lane
St. Louis, Missouri 63114

Date: March 14, 2012

D.B. Drew
Coleman II (USP)
PO Box 1024
Coleman Florida 33521

Dear Warden Drew

This letter is in regards to the release/halfway house time of inmate DeAngelo Winston. On September 18th 2011 I spoke with Mr. Cox in reference to the procedures for submitting Mr. Winston's halfway house paper work he assured me that the paperwork was in process and was waiting to be approved by you, the regional office and the facility in St. Louis, however I was advised by the regional office that they do not handle those matters and when I spoke to the St. Louis Community Corrections office they informed me that halfway house paper work for Mr. Winston has never been submitted.

Currently Mr. Winston has been in Special Housing Unit for the last five months pending a Captains review. With Mr. Winston having only 9 months left of his term with a release date of 11-25-2012 is his stay in the SHU an issue of properly submitting his paper work. It is my understanding that in the last 18 months of an inmate's incarceration that the unit team begins to prepare for the inmates release.

If Mr. Winston's stay in the SHU has become an issue with submission of a release date, then what steps has been taken to in this matter to release Mr. Winston from the show, what steps have to be in process when a captains review is in place and in what time frame do you have to have a completed report, justification and disciple plan for the violation of institutional rule that has been broken and what is the institutional rule that has been violated for Mr. Winston's time in the SHU to exceed 30-60 days, and what is an expected release date from the SHU, and or an expected date that halfway house paper work will be submitted.

I look forward to an immediate response in this matter; I can be reached day or night at 314-662-7681, thank you for your time and response.

Sincerely,


Mildred Wheelington
CC: DeAngelo Winston
     Southeast Regional Office
     Central Office (DC)